THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL FIDELITY<br>INSURANCE COMPANY<br><br>　　**Plaintiff,**<br><br>v.<br><br>CLARK CONSTRUCTION GROUP –<br>TEXAS, LP and CLARK<br>CONSTRUCTION GROUP, LLC<br><br>　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 4:19-CV-581<br>)<br>)<br>)<br>)<br>) |

## **VERIFIED COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

International Fidelity and Insurance Company ("IFIC") files this Verified Complaint and Request for Declaratory Judgment ("Complaint") against Clark Construction Group – Texas, LP ("Clark-Texas") and Clark Construction Group, LLC ("Clark-Group") (Clark-Texas and Clark-Group are collectively referred to as "Defendants"), and in support, states as follows:

## I. **PARTIES**

1.　　Plaintiff, IFIC, is a New Jersey corporation with its principal place of business in Newark, New Jersey, which is the location from which IFIC's high level officers direct, control, and coordinate IFIC's corporate activities. IFIC is duly qualified and authorized to do business in the State of Texas. For purposes of establishing jurisdiction based on diversity of citizenship, IFIC is therefore a citizen of New Jersey.

2.　　Defendant Clark-Texas is a Texas limited partnership that may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. Records of the Texas Secretary of State identify the members of Clark-Texas as Clark Construction Group – Texas, Inc., which is a Maryland corporation with its principal place of

business in Maryland; and Texas Contractors, LLC, which has no members that claim citizenship in New Jersey. For purposes of establishing jurisdiction based on diversity of citizenship, therefore, there is complete diversity between Plaintiff, IFIC and Defendant, Clark-Texas.

3.      Defendant Clark-Group is a foreign limited liability company that may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. Clark-Group is formed under the laws of the state of Maryland and has no members that claim citizenship in New Jersey. For purposes of establishing jurisdiction based on diversity of citizenship, therefore, there is complete diversity between Plaintiff, IFIC and Defendant, Clark-Group. Upon information and belief Clark-Group is the parent or successor in interest to Clark-Texas.

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between IFIC, as Plaintiff, and Clark-Texas and Clark-Group, as Defendants.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to IFIC's claim occurred in this judicial district.

## III. FACTS

### A.  The Prime Contract, Subcontract and Bonds:

6.      Clark-Texas, as general contractor, and the City of Houston ("Owner"), as owner, entered into a public works construction contract ("Prime Contract") for the construction of Ellington Airport ATCT and Utility Building, Houston, TX ("Project"), wherein Clark-Texas

agreed to perform all work and furnish all supervision, labor, materials, plan, scaffolding, tools, equipment, supplies and all other things necessary for the construction and completion of the Project, in strict accordance and full compliance with the terms of the Contract Documents, incorporated therein by reference, to the satisfaction of the Owner ( "Prime Contract Work").

7.      Clark-Texas subcontracted a certain portion of its Prime Contract Work to Construction Diversity Group, LLC ("CDG") under a Subcontract Agreement dated December 20, 2016 ("Subcontract").  A true and correct copy of the Subcontract is attached to this Complaint as **Exhibit A**.  The work subcontracted to CDG is more particularly described in Exhibit B of the Subcontract ("Subcontract Work"). The Subcontract provides that with respect to the Subcontract Work, CDG shall have the right to assert against Clark-Texas all rights which Clark-Texas has under the Contract Documents towards the Owner. *See* **Exhibit A**, ¶ 1 (b).

8.      As required under the Subcontract, CDG, as principal, secured and IFIC, as surety, issued or procured to be issued subcontractor Payment Bond number HSIFSU0699657 ("Payment Bond") and Performance Bond number HSIFSU0699657 ("Performance Bond") (collectively, "Bonds"), in favor of Clark-Texas, as obligee, each in the penal sum amount of $441,043.00. A true and correct copy of the Bonds are attached to this Complaint as **Exhibit B**.

### B. CDG Default and Takeover Agreement:

9.      Subsequent to issuance of the Bonds, CDG was declared in default under the Subcontract. Consequently, and under a reservation of their mutual rights and defenses under the Subcontract and Bonds, IFIC and Defendants entered into a Takeover Agreement effective March 21, 2018 ("Takeover Agreement"). A true and correct copy of the Takeover Agreement is attached to this Complaint as **Exhibit C**. Concurrently with the execution of the Takeover Agreement, IFIC and Thompson Construction ("Thompson") entered into a Completion Agreement. Under the

Takeover Agreement, Defendants consented to IFIC's designation of Thompson as the contractor who would direct completion of the remaining scope of work under the Subcontract in accordance with the Subcontract's terms. *See* **Exhibit C**, ¶ 4.

10.     Pursuant to Paragraph 5 of the Takeover Agreement the IFIC and Defendants agreed to specified completion dates for certain portions or phases of the Subcontract Work. *See* **Exhibit C**, ¶ 5.  Defendants further agreed to grant IFIC the full benefit of extensions of time and other associated relief appropriate under the Subcontract with respect to its performance under the Takeover Agreement. *See* **Exhibit C**, ¶ 5. Further, by execution of the Takeover Agreement, Defendants agreed to pay directly to IFIC all Subcontract Balances earned, and to be earned, in accordance with the terms of the Subcontract. *See* **Exhibit C**, ¶ 6, 8.

### C.  Disputes between Clark and IFIC:

11.     On October 10, 2018, Defendants issued a letter ("Clark's Cure Notice") purporting to give IFIC three calendar days' notice under Article 10 of the Subcontract, that:

> Thompson Construction has failed to make satisfactory progress on any of the remaining work items in a timely manner. Specifically, Thompson has made very little progress on completing the subbase, drilling remaining fence piers, installation of concrete barrier walls, sidewalks, and curb & gutter, and installation of asphalt paving. Such failure was, at least in part, the result of the failure to provide sufficiently skilled workers, adequate supervision, and materials and failure to prosecute the work in accordance with Clark's current schedule.

A true and correct copy of Clark's Cure Notice is attached to this Complaint as **Exhibit D**.

12.     On October 16, 2018, Defendants issued a letter ("Clark's Notice of Default"), purporting to give notice that Defendants believed IFIC to be in default under the Takeover Agreement. Therein, Defendants claimed IFIC "fail[ed] to provide sufficiently skilled workers, adequate supervision and materials, and fail[ed] to prosecute the work in accordance with Clark's

current schedule" as their basis for asserting a contractual default. A true and correct copy of Clark's Notice of Default is attached to this Complaint as **Exhibit E**. Therein Defendants asserted that they intended to retain an alternate subcontractor to "complete all remaining work of this Subcontract, with the exception of completing the water line installation." Defendants further advised IFIC and Thompson "to remove all equipment from the project site within 24 hours of completion of the water line work," and asserted an ownership interest in "[a]ll materials already on the project site."

13.    By letter dated October 17, 2018 IFIC issued a 48 Hour Notice to Cure Defaults to Clark ("IFIC's Notice to Cure") for the purposes of, amongst other things:

> (1) responding to Clark's Notice of Default date October 16, 2018 []; (2) demanding that within 48 hours of this letter that Clark provide IFIC reasonable assurances that it will cure its defaults under the Takeover Agreement; (3) and requesting that within 48 hours of this letter Clark agree to attend a meeting with IFIC and Thompson – and request the attendance of representatives of the Owner, Architect of Record and Engineer(s) of Record at such meeting to be held no later than five (5) business days from the date hereof.

A true and correct copy of IFIC's Notice to Cure is attached to this Complaint as **Exhibit F**. Furthermore, IFIC directed Defendants to not take any steps with respect to the completion of the Subcontract Work without the express written consent of IFIC.

14.    In IFIC's Notice to Cure, Defendants were put on notice that their declaration that IFIC was in default of the Takeover Agreement was wrongful and/or not properly substantiated, and that the Defendants' actions constituted an anticipatory breach of the Takeover Agreement and the Bonds.

15.     IFIC's Notice to Cure further advised that the Defendants' failure to establish or document allegations underlying their declaration of default to such a degree as industry standard

and/or law require and/or to provide contractually compliant direction, drawings and plans required to proceed with the Subcontract Work, rendered impossible IFIC's ability to prepare the detailed schedules and/or manpower and resource plans that Defendants demanded in Clark's Cure Notice.

16.     Defendants took no action to remedy their multiple material defaults of the Takeover Agreement and Bonds or to otherwise cooperate in arranging a meeting of the relevant parties.  Rather, Defendants responded to IFIC's Notice to Cure by letter dated October 19, 2018, wherein Defendants merely to state that they "stands by" their own Cure Notice and Notice of Default. A true and correct copy of Defendants' response to IFIC's Notice to Cure is attached to this Complaint as **Exhibit G**.

17.     Because of Defendants' failure to remedy their material defaults or otherwise respond meaningfully to IFIC's Notice to Cure, IFIC issued a letter dated October 22, 2018 ("IFIC's Notice of Termination"), declaring Defendants in default under the Takeover Agreement and the Bonds and termination of the Takeover Agreement for cause. A true and correct copy of IFIC's Notice of Termination is attached to this Complaint as **Exhibit H**.

18.     IFIC's Notice of Termination expressly advised the Defendants of their material contractual breaches, including, among other things: (1) wrongfully seeking to assert unsubstantiated technical defaults as a pretext to effectuate a partial termination; (2) failing to timely and/or adequately respond to or give reasonable assurances that they will cure their defaults; (3) failing to provide plans and or specifications for the Project which are adequate and sufficient or otherwise constructible; and/or (4) failing to cooperate and adequately and efficiently manage and perform their obligations under the Contract Documents.

---

19.     By letter dated October 23, 2018 ("Clark's Default Response"), Defendants purport to state the grounds for Defendants' decision to "stand by" their Cure Notice and Notice of Default. A true and correct copy of Clark's Default Response is attached to this Complaint as **Exhibit I**.

20.     IFIC has fulfilled all conditions and obligations required of it under the terms of the Takeover Agreement and the Bonds. Defendants' material default and anticipatory breach of Takeover Agreement excuse IFIC from any further performance and deem Defendants' liable to IFIC for damages resulting from the Defendants' contractual breach.

### D. Clark's Breach of the Takeover Agreement:

21.     Defendants defaulted in the performance of obligations they assumed towards IFIC under the Takeover Agreement, thereby preventing, interfering with and/or making impossible IFIC's performance under the Takeover Agreement.

22.     Defendants breached the Takeover Agreement by, amongst other things, failing to perform the incorporated obligations they assumed with respect to the Subcontract Work under Paragraph 1(b) of the Subcontract, including all obligations which the Owner assumed towards Defendants under the Prime Contract, as well as those obligations which Defendants assumed towards the Owner with respect to Prime Contract Work beyond the scope of the specified Subcontract Work.

23.     Without limitation, Defendants were obligated to timely secure and tender approved and constructible drawings from the Owner and/or Design Professionals to permit IFIC, by and through Thompson, to perform and/or complete the Subcontract Work in a reasonable and/or contractually compliant manner, including, but not limited to, installation of a permanent waterline and/or water meter and/or barrier wall. Defendants, in breach of this contractual obligation, failed to timely provide proper, correct, and contract compliant drawings and plans.

Defendants further breached this contractual obligation by tendering defective, non-compliant and/or deficient drawings and plans and improperly directing IFIC to perform Subcontract Work in a manner which would be in direct violation of the Contract Documents and/or relevant construction code provisions. Defendants further improperly attempted to force IFIC to assume design risk clearly outside the scope of the Takeover Agreement and/or Subcontract, by, amongst other things, commanding IFIC to perform Subcontract Work based upon unapproved and contractually non-compliant hand-sketched drawings provided by Defendants.

24.     Defendants breached the Takeover Agreement by, amongst other things, failing to perform their obligation to grant extensions of time and other associated relief, including that for excusable delays, as appropriate under the Subcontract.

25.     Without limitation, Defendants were obligated to provide additional compensation or time and/or reasonable assurances of additional compensation or time to complete the Subcontract Work to account for delays to the Subcontract Work caused by others, including but not limited to, design failures or changes outside of the scope of work or obligations assumed by IFIC under the Takeover Agreement. Despite being aware of delays and impacts to the Subcontract Work, resulting from, amongst other things, changed and/or unknown conditions and design changes Defendants failed and/or refused to grant or afford additional compensation or time to IFIC. Rather, Defendants wrongfully asserted IFIC was materially delaying the Project's critical path, when IFIC rightfully refused Defendants' instructions to knowingly perform Subcontract Work in a contractually non-compliant manner, which Defendants themselves would not assume the risk for. Defendants' actions and inactions prevented, disrupted and/or rendered impossible IFIC's performance in the manner directed and/or demanded by Defendants.

26.     Defendants breached their obligations of good faith and fair dealing and anticipatorily breached the Takeover Agreement by, amongst other things, asserting, without proper cause and/or substantiation and/or reasonable opportunity to cure, that Defendants intended to partially terminate IFIC under the Takeover Agreement and demanding IFIC and Thompson demobilize the Project site within 24 hours of completion of change order work which Defendants demanded IFIC perform without any reasonable assurance of compensation. Defendants further failed and/or refused IFIC's written requests to provide substantiating documents to support their grounds for taking the threatened course of action and/or to attend a meeting between IFIC, Defendants, Thompson, Owner, and the design professionals of record to discuss their asserted grounds for taking the threatened course of action.

27.     Defendants breached the Takeover Agreement by, amongst other things, wrongfully terminating, in whole or in part, IFIC's performance of the Subcontract Work under the Takeover Agreement and/or taking possession of the Subcontract Work, in whole or in part, for an alleged lack of progress without proper cause and/or substantiation and/or reasonable opportunity to cure.  Defendants' actions in terminating, in whole or in part, IFIC under the Takeover Agreement upon the grounds asserted by Defendants was wrongful, as Defendants took such drastic actions without proper adjustment to the contractual completion duration to account for delays, disruptions and/or inefficiencies for which IFIC was not responsible.

28.     IFIC has fulfilled all conditions and obligations required of it under the terms of the Takeover Agreement and Bonds. Defendants' anticipatory breach and material default of the Takeover Agreement excuse IFIC from any further performance and support the propriety of IFIC's declaration of default and termination.

## IV. <u>COUNT ONE</u>
## BREACH OF TAKEOVER AGREEMENT

29.     IFIC incorporates by reference the allegations contained in Paragraphs 1 to 28.

30.     CDG was required to obtain the Performance Bond in order to enter into the Subcontract with Clark-Texas.  *See* **Ex. A**, at ¶ 3(a)-(c). Under the Performance Bond, IFIC was obligated to pay the cost to complete CDG's Subcontract Work or else arrange for the completion of the Subcontract work if CDG was found to be in material breach of its responsibilities on the underlying Subcontract. *See* **Ex. B**.

31.     The Takeover Agreement was a contract between IFIC and Defendants whereby they mutually agreed to have IFIC effect or cause the completion of the Subcontract Work in accordance with the terms of the Subcontract and the Bonds. *See* **Ex. C**, at ¶ 4. In consideration for IFIC's arranging for the completion of the Subcontract Work, Defendants agreed to pay directly to IFIC the remaining Subcontract Balance, including Retainage of $273,602.65, as may be adjusted, in accordance with the terms of the Takeover Agreement and Subcontract. *See* **Ex. C**, at ¶¶ 6-8.

32.     Defendants materially breached their contract obligations to IFIC by, amongst other things, failing to timely provide proper, correct, and contract compliant drawings and plans; by tendering defective, non-compliant and/or deficient drawings and plans and improperly directing IFIC to perform Subcontract Work in a manner which would be in direct violation of the Contract Documents and/or relevant construction code provisions; and by improperly attempting to force IFIC to assume design risk clearly outside the scope of the Takeover Agreement and/or Subcontract, by, amongst other things, commanding IFIC to perform Subcontract Work based upon hand-sketched drawing provided by Defendants that plainly were not approved by owner and/or its design professionals as required by the Contract Documents. Defendants materially

breached their contractal obligations by failing to grant extensions of time and other associate relief, including that for excusable delays, as appropriate under the Subcontract.

33.     IFIC was prevented from performing and completing its obligations under the Takeover Agreement because of Defendants' wrongful termination, in whole or in part, of the Takeover Agreement.

34.     As a result of Defendants' uncured material breach and wrongful termination of the Takeover Agreement, IFIC is entitled to recover all damages arising from those breaches, foreseeable or note, including but not limited to, the unpaid balance of the Takeover Agreement price based upon IFIC's percentages of completion and its costs and damages resulting from the wrongful termination of the Takeover Agreement in an amount to be proven at trial, but well in excess of $75,000.

35.     All conditions precedent to IFIC recovery against the Defendants for breach of contract have been performed, occurred or been waived.

## V. COUNT TWO
## QUANTUM MERUIT

36.     IFIC incorporates by reference the allegations contained in Paragraphs 1 to 35.

37.     Defendants' wrongful termination of the Takeover Agreement constitutes a material breach thereof and prevented IFIC from completing its work under the Takeover Agreement.  Accordingly, IFIC is entitled, as an alternative to recovery for breach of contract, to consider the Takeover Agreement and Bonds as having been rescinded and to recover against Defendants under quantum meruit.

38.     IFIC, is therefore, entitled to recover the reasonable value of the work performed by IFIC, less payments received from Defendants, in an amount to be proven at trial, but well in excess of $75,000

---

**VERIFIED COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**                **Page 11**

39.     All conditions precedent to IFIC recovery against the Defendants for quantum meruit have been performed, occurred or been waived.

## VI. <u>COUNT THREE</u>
## DECLARATORY JUDGMENT
## IFIC'S OBLIGATIONS UNDER BONDS HAVE BEEN EXCUSED

40.     IFIC incorporates by reference the allegations contained in Paragraphs 1 to 39.

41.     An actual controversy has arisen and now exists that is ripe for resolution by this Court regarding the parties' respective performances under the Takeover Agreement and each party's asserted right to declare a termination for default.

42.     The Takeover Agreement between IFIC and Defendants whereby they mutually agreed to have IFIC effect or cause the completion of the remaining primary obligations of CDG under the Subcontract secured by the secondary obligation evidenced by the Bonds.

43.     Because Defendants materially breached or otherwise failed to perform their obligations under the Takeover Agreement, which provided for the completion of the Subcontract Work, IFIC's secondary obligations, if any, under the Bonds has been excused and IFIC is not liable thereunder.

44.     IFIC requests a judicial determination of the respective rights and duties of IFIC and Defendants under the Bonds, particularly, a declaration that (a) Defendants committed an anticipatory and/or prior materially breach under the Takeover Agreement; and (b) IFIC's obligation and/or liability, if any, to perform under the Bonds has been excused and/or exonerated as a result of Defendants' anticipatory and/or prior material breach.

## VII. <u>PRAYER</u>

WHEREFORE, after due proceedings are held, Plaintiff International Fidelity Insurance Company request judgment against Defendants Clark Construction Group – Texas, LP and Clark Construction Group, LLC as follows:

1. Judgment, in an amount to be proven at trial, against Defendants on Count One as requested above, or, alternatively, on Count Two, against Defendants under quantum meruit;

2. Judgment, in an amount to be proven at trial, against Defendants on Count Three, as requested above;

3. Prejudgment interest on all sums due and post-judgment interest on the amount of the judgement as provided by law; and

4. For such other general and specific relief, both at law and in equity, to which IFIC may show itself justly entitled.


Respectfully submitted,

**KREBS FARLEY, PLLC**

By: _/s/ Bryan A. Badeaux_____
    Bryan A. Badeaux
    State Bar No. 24087127
    Ryan D. Dry
    State Bar No. 24050532
    2301 West Plano Parkway, Suite 200
    Plano, TX 75075
    (214) 945-2560 Telephone
    (214) 945-3021 Facsimile
    bbadeaux@kfplaw.com
    rdry@kfplaw.com

**ATTORNEYS FOR INTERNATIONAL
FIDELITY INSURANCE COMPANY**

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury, pursuant to U.S.C. § 1746, that I have read the foregoing Verified Complaint and the factual allegations thereof and the facts alleged therein are true and correct.

Executed this that _____ day of February, 2019.


_____
Jimmy Sparks
Representative of International
Fidelity Insurance Company